UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIAN NORKTH,

                          Plaintiff,

                                                          <u>DECISION AND ORDER</u>

                                                                       05-CV-6475L

                          v.

MERCK & CO., INC., et al.,

                          Defendants.
_____

       Defendant Merck & Co., Inc. removed this negligence and products liability action from New York State Supreme Court, Niagara County, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

       On September 15, 2005, Merck filed a motion to stay the action (Dkt. #5) pending the issuance of a conditional order by the Judicial Panel on Multidistrict Litigation transferring the matter as a "tag-along" action to *In re VIOXX Products Liability Litigation*, MDL No. 1657, an MDL action that has been established in the Eastern District of Louisiana.[1]

       On October 12, 2005, plaintiff filed a motion to remand the case to state court for want of subject matter jurisdiction based on lack of diversity. (Dkt. #18). An issue exists regarding whether this action was properly removed to federal court because complete diversity may not exist. Plaintiff, a New York resident, sued Rite Aid of New York, Inc., a New York corporation that operates pharmacies throughout the State. In its notice of removal, however, Merck argued that the pharmacy defendant was fraudulently joined because no reasonable basis exists for plaintiff's

---

[1] On February 16, 2005, the Panel transferred 138 civil actions to the MDL, which involve common questions of fact concerning the alleged increased health risks associated with the anti-inflammatory drug, VIOXX. Since that time, 1,551 additional actions have been transferred to the MDL, and it appears that the number continues to grow.

negligence and products liability claims against it. Plaintiff contends that Merck is interpreting New York law incorrectly, and that Merck's claim of fraudulent joinder lacks merit.

Plaintiff, therefore, opposes Merck's motion to stay and argues that this Court should rule first on the motion to remand, given that it involves questions of New York law.

For a number of reasons set forth below, I find that I should defer ruling on plaintiff's motion to remand, and that Merck's motion to stay should be granted.

First, plaintiff's pending remand motion will not act as a bar to transfer, and the transferee court could consider plaintiff's arguments regarding jurisdiction. *See In re VIOXX Product Liability Litigation* (MDL-1657), 360 F.Supp.2d 1352 (J.P.M.L. Feb. 16, 2005) (where the Judicial Panel found that the pendency of similar motions to remand based on alleged jurisdictional defects were not sufficient to avoid inclusion in MDL proceedings).

Second, since these motions were filed, the Judicial Panel on Multidistrict Litigation ("J.P.M.L.") filed a conditional transfer order to transfer this case to the MDL. Plaintiff, however, filed a notice of opposition to the conditional transfer and asserts that she will be filing a motion to vacate the transfer order in the immediate future. (*See* Walsh Affidavit, Dkt. #22, ¶6). Once fully briefed, the J.P.M.L. will determine the motion at a motion hearing session. It appears that there has been no ruling yet on this motion.

The "general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL panel." *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001). The Second Circuit Court of Appeals has adopted this general rule. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (where the jurisdictional issue in question is easily capable of arising in more than one court, consistency as well as economy is served by transferring and consolidating cases as to which remand motions are pending).

In fact, the J.P.M.L. here has suggested, in another case pending in a District Court in Texas, that a transferor court should defer ruling on remand motions until the issue of transfer is determined,

in order to ensure uniform treatment of recurring jurisdictional issues. (*See Krieger v. Merck & Co., Inc.*, 05-CV-6338L, Dkt. #22, Hayes Decl., Ex. D, Ltr. From J.P.M.L. to Hon. Ricardo H. Hinojosa ("wait[ing] until the Panel has decided the transfer issue... may be especially appropriate if the [remand] motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization.")).

Third, the issues raised in plaintiff's remand motion are not unique to this case. According to an affidavit filed by Merck's counsel in another VIOXX case, *Krieger v. Merck & Co., Inc.*, 05-CV-6338L, there are no fewer than ten cases that were originally filed in New York in which plaintiffs have sued pharmacies and/or doctors which Merck contends have been fraudulently joined. *See Krieger v. Merck & Co., Inc.*, 05-CV-6338L, Dkt. #23, Hayes Decl.,¶9.  Moreover, the MDL already includes four cases which were originally filed in New York State courts and which have pending motions to remand, three of which involve the issue of whether pharmacies were fraudulently joined.  *See Core v. Merck & Co., Inc., et al.*, (N.D.N,Y., No.  5:04-cv-01367, now No. 05-2583), *Desport v. Merck & Co., Inc., et al.*, (E.D.N.Y., No. 1:05-cv-01032, now No. 05-1553), *O'Connell v. Merck & Co., Inc., et al.*, (S.D.N.Y., No. l:05-cv-01960, now No. 05-1556), and *Saulpaugh v. Merck & Co., Inc., et al.*, (W.D.N.Y., No. 6:05-cv-06211, now No. 05-2977) (transferor courts and index numbers are listed).

Therefore, the issue of whether pharmacy defendants were fraudulently joined to defeat diversity of jurisdiction is an issue that the MDL Court will decide under New York  law in other cases.  I agree with Merck that the objectives of the MDL process – namely the avoidance of inconsistent rulings and the conservation of judicial resources – are best met by allowing the MDL Court to decide plaintiff's motion to remand."[2]

---

[2] I agree with the reasoning of another District Court faced with this question that "it is apparent that whether certain defendants have been fraudulently joined is an issue common to several of the cases being considered for consolidation by the JMPL. ... By allowing a single court to determine this issue, judicial resources will be conserved and the risk of inconsistent rulings is avoided." *Purcell v. Merck & Co., Inc.*, No. 05cv0443-L(BLM), slip op. at 4-5 (S.D.

(continued...)

Finally, I find that the equities tip in favor of Merck for staying this action until the issue of transfer is resolved. Although plaintiff claims that she will suffer prejudice by imposition of the stay, I find that the risk of hardship to Merck of engaging in duplicative motion practice and discovery proceedings outweighs any prejudice that could potentially inure to her. Entering a stay will also conserve judicial resources, one of the fundamental goals of multidistrict litigation practice. Staying this action is not extraordinary. According to Merck, nearly one thousand similar VIOXX cases have been stayed by courts around the country pending their transfer to the MDL, including more than 125 with pending remand motions. (*See Krieger v. Merck & Co., Inc.*, 05-CV-6338L, Dkt. #22, p.7, n.1).

## CONCLUSION

Defendant Merck & Co., Inc.'s motion to stay (Dkt. #5) is **GRANTED**. The Court defers ruling on plaintiff's motion to remand (Dkt. #18) until the issue of transfer is resolved by the MDL Panel.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
UNITED STATES DISTRICT JUDGE

Dated: Rochester, New York
November 4, 2005.

---

²(...continued)
Cal. June 6, 2005).